IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-134 |
| CELESTE RAMIREZ | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by its undersigned attorneys, Nelson S.T. Thayer, Jr., Acting United States Attorney for the Eastern District of Pennsylvania, and Priya T. De Souza, Assistant United States Attorneys for the district, respectfully submits this memorandum in aid of the change of plea hearing scheduled before this Court on March 4, 2025 at 2:30 p.m.

**I.      Background**

On March 30, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment against defendant Celeste Ramirez, charging her with one count of distribution of child pornography in violation of Title 18, United States Code, Section 2252(a)(2),(b)(1). The parties have entered into a guilty plea agreement to the count listed in the indictment under Federal Rule of Criminal Procedure 11(c)(1)(C). A change of plea hearing has been scheduled before the Honorable Jeffrey L. Schmehl on March 4, 2025 at 2:30 p.m.

## II. Essential Elements of the Offense

**Count One – Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2)**

To convict the defendant of a violation of Title 18, United States Code, Section 2252(a)(2), the government must prove the followings elements:

> First: The defendant knowingly distributed a visual depiction;
>
> Second: the depiction was shipped or transported in interstate or foreign commerce by any means, including computer;
>
> Third: producing the visual depiction involved using a minor engaged in sexually explicit conduct;
>
> Fourth: the depiction is of a minor engaged in sexually explicit conduct; and
>
> Fifth: the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

Source: *See* Eleventh Circuit Model Criminal Jury Instructions, No. 83.2 (2019).

## III. Maximum Penalty

The Court may impose the following statutory maximum and mandatory minimum sentence for one count of distribution of child pornography: 20 years' imprisonment, a mandatory minimum of 5 years of supervised release up to a lifetime of supervised release, $250,000 fine, $100 special assessment, and, if found not to be indigent, additional assessments of $5,000 under 18 U.S.C. § 3014 and up to $17,000 under 18 U.S.C. § 2259A.

The defendant is also subject, under 18 U.S.C. § 2259, to mandatory restitution of not less than $3,000 per victim. In paragraph 7 of the plea agreement, the defendant agreed that under 18 U.S.C. § 3663A(a)(3) the victims entitled to restitution include those identified in the count of

conviction, in the relevant conduct, and in the statement of facts in support of the guilty plea agreement.

Forfeiture of all property used or intended to be used to commit or to promote the commission of such violations also may be ordered.

IV.     **Terms of Plea Agreement**

The Guilty Plea Agreement provides, in part, that:

- The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: a sentence of imprisonment of 180 months' imprisonment, a 10-year period of supervised release, and restitution of at least $3,000 per victim. If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement.

- Pursuant to Guideline Section 1B1.2, the parties stipulate that the defendant committed the following offense that is a more serious offense than the offense of conviction, and the defendant understands and agrees that Section 1B1.2(a) provides that this more serious offense shall be the basis for the determination of the defendant's Sentencing Guidelines range and pursuant to Section 1B1.3 shall be considered relevant conduct: On or about April 11, 2022, in the Eastern District of New York, defendant Celeste Ramirez conspired with another to persuade, induce, entice, or coerce a child under the age of five to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and Ramirez

- knew the visual depictions would be transported and transmitted using a facility of interstate and foreign commerce, namely the internet, in violation of 18 U.S.C. § 2251(a),(e).
- The defendant has been advised and understands that she will have to register under the Sex Offender Registration and Notification Act (SORNA) as required by federal and state law, that these requirements may apply throughout her life, and that failure to register is punishable under federal law.
- If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw the guilty plea.
- If the Court accepts the plea agreement and imposes a sentence within the terms agreed to by the parties, the defendant agrees that she will not file any appeal – with the exception that, if otherwise permitted by law, the defendant may file a claim that an attorney who represented the defendant during the course of her criminal case provided constitutionally ineffective assistance.
- If the Court does not accept the plea agreement and neither party withdraws from the plea agreement, then the parties agree to continue to recommend the sentence proposed in paragraph 5 of the plea agreement; and the defendant waives her right to appeal, except in the following two circumstances: (1) the defendant may claim that her sentence exceeds the statutory maximum permitted by law; challenge the sentencing judge's imposition of a "upward departure" or "upward variance"; or claim that her attorney provided constitutionally ineffective assistance of counsel; or (2) if the government appeals, then the defendant may file a direct appeal of her

- sentence.
- No one has promised or guaranteed to the defendant that the Court will accept the plea agreement.

## V. **Factual Basis for the Plea Agreement**

Had this proceeded to trial, the government would have proven beyond a reasonable doubt that the defendant knowingly distributed videos depicting the rape and sexual abuse of children under the age of 5 over the internet as follows:

On February 19, 2022, Celeste Ramirez, a corrections officer employed by the New York Department of Corrections, distributed six videos depicting child pornography via Telegram, an online messaging application and a means and facility of interstate and foreign commerce, to Person 1 while Person 1 was in Easton, Pennsylvania.[1]

Defendant Ramirez's conduct came to light during an investigation into child exploitation crimes committed by Person 1. In 2022, Pennsylvania State Police received a Cybertip indicating that a resident of Easton, Pennsylvania, had used their Snapchat account to distribute child pornography. In July 2022, Pennsylvania State Police executed a search warrant on Person 1's residence. Person 1 provided the password to their cell phone and confessed to receiving child pornography over the internet. Person 1 identified receiving child pornography through Telegram from a corrections officer in New York City known as "CeCe".

Business records identified "CeCe Babes" as the defendant. On November 29, 2022, federal agents executed a search warrant of the defendant's residence. Ramirez denied knowing whether child pornography existed on her cell phone. A subsequent forensic examination showed

---

[1] The identity of Person 1 has been disclosed in discovery to the defendant.

Ramirez's Samsung Galaxy Z Fold3 cell phone held 473 videos of child pornography as well as the Telegram application. Her Telegram application stored child pornography including the same videos distributed to Person 1 on February 19, 2022.

The Telegram chat conversation from February 19 was found on both the defendant's and Person 1's cell phones. Below is an excerpt from that chat:

**February 19, 2022 Excerpt of Telegram Communication**

| | | |
|---|---|---|
| Ramirez: | Hey | |
| Person 1: | Gotcha | |
| Person 1: | The guy on I met on here too | |
| Ramirez: | What guy? | |
| Ramirez: | With the $800 file? | |
| Person 1: | Yes | |
| Ramirez: | Oh ok | |
| Ramirez: | *Transmitted a 19-second video depicting a toddler, approximately two to three years of age, being anally penetrated by an adult's penis.* | |
| Person 1: | Damn that's hot asf.. | |
| Person 1: | That's a lil girl | |
| Person 1: | I want to do that bad | |
| Ramirez: | Yessss | |
| Ramirez: | *Transmitted a 40-second video depicting an adult male forcefully orally penetrating a young child, approximately four to five years of age, with his penis.* | |
| Person 1: | You want son to do that babes | |
| Person 1: | Fuck yea | |

| | |
|---|---|
| Ramirez: | *Transmitted a 1:05 video depicting an adult orally penetrating the vagina of a female infant, approximately six months to one year of age.* |
| Person 1: | You want that Cece |
| Ramirez: | Yes I do |

***

The forensic extraction of Person 1's cell phone confirmed that they were in Easton, Pennsylvania, on the date of Ramirez's distribution of child pornography.

In addition to the Telegram communications with Person 1, Ramirez utilized Telegram to communicate with five other users for the purpose of distributing and receiving child pornography. One of those users, Cleveland Dewayne Chambers, communicated with the defendant on April 11, 2022. Chambers told the defendant he was chatting online with a mother, later identified by police as Raven Ainesis Pointer, who had offered to produce sexually explicit images of her own infant. Chambers shared images he had received thus far from the mother with the defendant. Ramirez and Chambers discussed how the child should be sexually abused and reflected on the images produced. Ramirez then repeatedly directed Cleveland to have the mother film herself engaged in specific sex acts with the infant. Chambers relayed the request, and the mother responded by sharing more sexually explicit images/videos that she had produced of the victim. [2]

---

[2] On January 31, 2025, Cleveland Dewayne Chambers was sentenced to 20 years' imprisonment for the offenses of production of child pornography and receipt/distribution of child pornography. *See USA v. Chambers*, Crim. No. 24-317 (M.D. Alabama). On October 24, 2024, Raven Ainesis Pointer pled guilty to production of child pornography and distribution of child pornography. She is currently pending sentencing. The parties in *Pointer* are jointly recommending a sentence of imprisonment between 20 to 25 years' imprisonment. *See USA v. Raven Pointer*, Crim. No. 23-547 (E.D. Missouri).

## VI. Conclusion

For the foregoing reasons, the United States requests that the Court accept the defendant's plea of guilty.

Respectfully submitted,

NELSON S.T. THAYER
Acting United States Attorney

/s/ *Priya T. De Souza*
PRIYA DESOUZA
Assistant United States Attorney

March 5, 2025

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the within memorandum has been served this date by electronic mail to:

      Nancy MacEoin
      Federal Defender Association
      601 Walnut Street, Suite 540 West
      Philadelphia, PA 1906

      *s/Priya T. De Souza*
      PRIYA T. DE SOUZA
      Assistant United States Attorney

March 5, 2025