# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 23-134 |
| CELESTE RAMIREZ | : | |

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of the indictment charging her with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. §§ 2428 and 2253, all arising from her online distribution of child sexual abuse materials. The defendant further acknowledges her waiver of rights, as set forth in the attachment to this agreement.

2. At the time of sentencing, the government will:

    a. Recommend a sentence consistent with paragraph 5 below, and make whatever sentencing recommendation as to forfeiture, restitution, and other matters which the government deems appropriate.

    b. Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts,

if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

c. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

3. The defendant understands, agrees, and has had explained to her by counsel that the Court may impose the following total statutory maximum and mandatory minimum sentence for Count One (distribution of child pornography): 20 years' imprisonment, a mandatory minimum term of 60 months' imprisonment, a mandatory minimum 5 years of supervised release up to a lifetime supervised release, a $250,000 fine, a $100 special assessment, and, except if found to be non-indigent, an additional mandatory $5,000 special assessment pursuant to 18 U.S.C. §3014 (Justice for Victims Trafficking Act of 2015) and an additional mandatory assessment of up to $35,000 pursuant to 18 U.S.C. §2259A (Assessments for Child Pornography-Cases) must be imposed. The defendant is subject, under 18 U.S.C. § 2259, to mandatory restitution of not less than $3,000 per victim. Forfeiture of any property used to facilitate the charged offense, to include one Samsung Galaxy Z Fold3, bearing serial number R3CRBOCAPVH, may also be ordered.

4. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant

will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

5. The parties agree that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and that the following specific sentence is the appropriate disposition of this case: a sentence of imprisonment of 180 months' imprisonment, a 10-year period of supervised release, and restitution of at least $3,000 per victim. If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and the defendant will have the right to withdraw the guilty plea.

6. In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in her own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

    a. The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that her financial statement and disclosures will be complete, accurate, and truthful.

    b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on her in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

    c. Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the

defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

        d.      The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

        e.      The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

        f.      If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1. The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

7.      The defendant agrees to pay a fine as determined by this Court. The defendant agrees to pay a minimum of $3,000 per identified victim. The defendant further agrees, under 18 U.S.C. § 3663A(a)(3), that the victims entitled to restitution include those identified in the count of conviction, in the relevant conduct, and in the statement of facts supporting the guilty plea

agreement. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

8.  The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

9.  The defendant agrees to pay the special victims/witness assessment in the amount of $100 at such time as directed by the Court.

10.  The parties agree to the following with respect to forfeiture of assets:

   a.  The defendant agrees that, based on the defendant's conviction for her offense of as charged in Count One of the indictment, she forfeits her right, title, and interest in the following assets, that such asset was used or intended to be used to commit or promote the commission of the offense and is subject to forfeiture under 18 U.S.C. § 2253, and that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion: one Samsung Galaxy Z Fold3, bearing serial number R3CRBOCAPVH.

   b.  The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea

and before sentencing. Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before her sentencing. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

    c. The defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    d. The defendant agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to her criminal conduct.

    e. The defendant agrees to take all necessary action to pass clear title of the assets listed in this paragraph to the United States, including, but not limited to, completing any documents required to transfer title of these assets to the United States. The defendant also agrees to take all necessary action to ensure that the assets listed in this paragraph are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

f. The defendant consents to the interlocutory sale of any or all of the assets upon motion of the government, following the entry of a preliminary order of forfeiture.

g. The defendant agrees that she will not file, or assist any other party in filing, a claim or petition asserting an interest in or otherwise contesting the forfeiture of any of the assets listed in this paragraph.

h. In the event that any claim is made by third parties to any of the assets listed in this paragraph, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties.

11. The defendant agrees not to contest the administrative or civil forfeiture to the government of one Samsung Galaxy Z Fold3, bearing serial number R3CRBOCAPVH. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983. The defendant agrees to waive any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to her criminal conduct.

12. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that she must update her registrations not later than three business days after any change of name,

residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. This registration will also be a condition of any supervised release. The defendant also understands that independent of supervised release and the federal law requirements, she will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout her life.

13. Except as provided in paragraph 5 of this agreement, the defendant may not withdraw her plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

14. Pursuant to Guideline Section 1B1.2, the parties stipulate that the defendant committed the following offense that is a more serious offense than the offense of conviction, and the defendant understands and agrees that Section 1B1.2(a) provides that this more serious offense shall be the basis for the determination of the defendant's Sentencing Guidelines range and pursuant to Section 1B1.3 shall be considered relevant conduct: On or about April 11, 2022, in the Eastern District of New York, defendant Celeste Ramirez conspired with another to persuade, induce, entice, or coerce a child under the age of five to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and Ramirez knew the visual depictions would be transported and transmitted using a facility of interstate and foreign commerce, namely the internet, in violation of 18 U.S.C. § 2251(a),(e).

15. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to

argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

      a.      The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for her offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

      b.      The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying the government of her intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

16.      If the defendant commits any federal, state, or local crime between the date of this agreement and her sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations

under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by her. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

17. If the Court accepts the plea agreement and imposes the sentence stated in paragraph 5 of this agreement, the government agrees that it will not file any appeal of the sentence in this case, and the defendant agrees that she will not file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

18. If the Court does not accept the plea agreement and neither party withdraws from the plea agreement, and the defendant enters and maintains a guilty plea, then the parties agree to continue to recommend the sentence stated in paragraph 5, and the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion

that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

    a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

        i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

        ii. challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

        iii. challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

        iv. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue

may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

19. The defendant acknowledges that filing an appeal or any collateral attack waived in either of the two preceding paragraphs may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

20. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

21. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that she is guilty.

22. It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea

agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

_C. Ramirez_
CELESTE RAMIREZ
Defendant

_Nancy Maceoin_
NANCY MACEOIN
Counsel for the Defendant

Date: 2/11/25

JACQUELINE C. ROMERO
United States Attorney

_T. Perricone /por_
THOMAS R. PERRICONE
Chief, Criminal Division
Assistant United States Attorney

_P. De Souza_
PRIYA T. DE SOUZA
Assistant United States Attorney

Attachment

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-134 |
| CELESTE RAMIREZ | : | |

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

    g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

    h. that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

  4. I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

  5. I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

  6. I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

  7. Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

  8. I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

  (1) the nature and circumstances of the offense and my personal history and characteristics;

  (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
CELESTE RAMIREZ
Defendant

_____
NANCY MACLOIN
Counsel for the Defendant

Dated: 2/11/25